UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| Stacey Wezenter | : | No.   3:23 CV 374   (XXX) |
|     Plaintiff | : | |
| v. | : | |
| | : | |
| Justin Marshall | : | |
| Justin Elicker | : | |
| Karl Jacobson | : | |
| City of New Haven | : | |
| New Haven Police Officers FNU LNU | : | |
| | : | |
|     Defendants. | : | April 17, 2023 |

# COMPLAINT

## Count One

### 42 U.S.C. Section 1983 (Unlawful Search and Seizure)

1. On April 6, 2023, during an early morning raid, a group of New Haven police office officers, with weapons drawn, and utilizing blinding flashlights, unlawfully kicked in Stacey Wezenter's apartment door.

2. The defendants unlawfully entered and searched her apartment and unlawfully detained and handcuffed her.

3. The defendants proceeded to search each room.

4. Her daughter was in one bedroom and was ordered to remain in bed.

5. Stacey Weznenter was terrified while she was handcuffed and held at gunpoint and was interrogated about who was in her apartment.

6. Despite her numerous requests, the defendants refused to inform her why she was being arrested.

7. During their search, the raid team located children's toys and realized and acknowledged that they were in the wrong apartment.

8. The plaintiff brings this action for money damages to redress the deprivation by the defendants of rights secured to the plaintiff by the Constitution and laws of the United States and the State of Connecticut.

9. Jurisdiction of this Court is invoked under the provisions of Sections 1331 and 1367(a) of Title 28 and Title 42, Sections 1982 and 1983 of the United States Code, and the Fourth and Fourteenth Amendments to the United States Constitution.

10. Jurisdiction of this Court is invoked, in the state law claims, under the provisions of Section 1367 of Title 28 of the United States Code.

11. Venue lies in the District of Connecticut under 28 U.S.C. Section 1391(b), in that all the events of this complaint and the parties reside within this District.

12. Plaintiff Stacey Wezenter is a resident of New Haven, CT.

13. At the time of the search, the plaintiff resided in a multi-family dwelling located at 590-592 East Street, 2d Floor, New Haven, CT.

14. Defendant and several John Doe's are officers of the New Haven Police Department, acting in their official capacity. They are being sued in their individual capacity.

15. The defendants, during all times mentioned in this action, acted under color of law of the Constitution and Statutes of the United States.

16. Upon information and belief the defendants prepared and executed a search warrant for Tim Yergeau of 590-592 East Street, First Floor. New Haven, CT. Mr. Yergeau lived in the second-floor apartment.

17. Upon information and belief, the search warrant was constitutionally deficient in that it did not particularly describe the place to be searched.

18. The plaintiff resides in the third-floor apartment.

19. The entrance to the building has two doors with markings 590 and 592.

20. The right-side entrance door is marked 592 on the door.

21. At the entrance of 590-592 East Street, there are multiple mailboxes with the names of the residents inside the mailbox.

22. The targeted building of the search warrant is a multi-family building with separate, and distinct, multi-unit residences.

23. The warrant lacked probable cause to search the plaintiff's residence.

24. The neighborhood is known by law enforcement to contain multi-family structures.

25. The three-story building is separated by different distinct apartments.

26. The warrant affidavit excluded facts that would undermine a probable cause determination to authorize the search of 590 East Street, 3rd-floor Apartment.

27. As a result of the illegal search and seizure, the plaintiff's apartment was unlawfully entered and searched.

28. The plaintiff had suffered anxiety and humiliation from the search and detention.

29. The defendants' actions were unjustified and unlawful.

30. The plaintiff sustained damages and incurred expenses.

**Count Two         42 U.S.C. Section 1983 (Franks Violation)**

1-30. Paragraphs one through thirty of Count One are hereby incorporated as paragraphs one through thirty of Count Two.

31. The conduct of the defendants constituted a "Franks violation" in violation of the Fourth Amendment to the United States Constitution.

32. Without the deliberate falsehood or reckless disregard of facts supporting a multi-family dwelling, and specific unit to be searched, a magistrate would not have issued a search and seizure warrant for the vessel.

33. The omissions or material falsehoods in the search and seizure warrant were designed to mislead the magistrate or were made in reckless disregard of whether they would mislead the magistrate.

**Count Three            Violations of the Connecticut Constitution**

1-33. Paragraphs one through thirty-three of Count Two are hereby incorporated as paragraphs one through thirty-three two of Count Three.

34. The actions of the defendants violated the laws and Constitution of the State of Connecticut.

**Count Four**

**42 U.S.C. 1983 MONELL CLAIMS FOR FAILURE TO TRAIN AND SUPERVISE**

1-33. Paragraphs one through thirty-three of Count Two are hereby incorporated as paragraphs one through thirty-three of Count Four.

34. During all times mentioned in this action, Defendant Justin Elicker was, and still is, the Mayor of the City of New Haven, and employed by the City of New Haven.

35. Defendant Elicker is the chief policymaker and decision-maker of the City of New Haven.

36. During all the times mentioned in this action, Defendant Karl Jacobson was Chief of the Police Department, employed by the City of New Haven.

37. He is the policy maker and decision maker of the New Haven Police Department and is responsible for the control and management of his subordinates.

38. Defendant City of New Haven was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of Connecticut.

39. Defendant City of New Haven maintains the New Haven Police Department, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per applicable sections of the Connecticut General Statutes and charter provisions of the City of New Haven, acting under the direction and supervision of the aforementioned municipal corporation, City of New Haven.

40. The acts of the individual Defendants were performed while acting within the scope of their employment with the Defendant City of New Haven and they acted jointly and in concert with each other.

41. The Defendants acted in furtherance of their employment with the Defendant City of New Haven.

42. Defendants Elicker and Jacobson had the duty and opportunity to protect Plaintiff from the unlawful actions of the other individual Defendants, but each individual Defendant failed, refused, and neglected to perform such duty, to Plaintiff's detriment, thereby proximately causing Plaintiff's injuries.

43. The individual Defendants are sued in their individual capacities.

44. Defendants Elicker and Jacobson knew or should have known that their failure to act, adequately train, and/ or supervise the Defendant Officers would result in harm to Plaintiff.

45. Upon information and belief, Defendants City of New Haven, Elicker, and Jacobson failed to comply with the requisite training and continuing training requirements.

**Count Five:       Negligent Infliction of Emotional Distress**

1-45. Paragraphs one through forty-five of Count Four are hereby incorporated as paragraphs one through forty-five of Count Five.

46. The Defendants' conduct created an unreasonable risk of causing severe emotional distress.

47. In the manner described above, the injuries to Plaintiff were the direct and proximate result of the negligent actions of the Defendants.

48. The actions of the Defendants constituted negligent infliction of emotional distress upon Plaintiff.

49. The Defendants knew or should have known that emotional distress was the likely result of such conduct.

50. In the manner described above, the injuries to Plaintiff were the direct and proximate result of the negligent actions of the Defendants.

51 As a result of the conduct of Defendants, Plaintiff sustained injuries and damages.

**Count Six                    Assault**

1-49.   Paragraphs one through forty-nine of Count Five are hereby incorporated as paragraphs one through nine of Count Six.

49.   Defendant officers intended to cause the plaintiff immediate apprehension of harmful or offensive bodily contact and had the apparent ability to complete the act.

50   As a result of the conduct of Defendants, Plaintiff sustained injuries and damages.

**Count Seven                   Battery**

1-49.   Paragraphs one through forty-seven of Count Five are hereby incorporated as paragraphs one through forty-seven of Count Seven.

50.   Defendant officers intended to cause harmful or offensive contact with Plaintiff and harmful and offensive contact directly resulted.

51   As a result of the conduct of Defendants, Plaintiff sustained injuries and damages.

**Count Eight                   Negligence**

1-45.   Paragraphs one through forty-five of Count Four are hereby incorporated as paragraphs one through forty-five of Count Eight.

46.   Defendants had a legal duty to protect the plaintiff and breached that duty.

47.   As a result of the negligent conduct of the Defendants Plaintiff sustained injury and damages.

**Count Nine:**             **Invasion of Privacy**

1-45.   Paragraphs one through forty-five of Count Four are hereby incorporated as paragraphs one through forty-five of Count Nine.

46.   In the manner described above, the injuries to Plaintiff were the direct and proximate result of the intentional actions of the defendants.

47.   The intentional acts of the defendants were reckless, wanton, willful, and malicious and outside the scope of their official employment.

48.   The actions of the Defendants, specifically the length of the Plaintiff's unlawful detention, constituted an intrusion upon her physical solitude and seclusion.

*Count Ten:*             *False Imprisonment*

1-45.   Paragraphs one through forty-five of Count Four are hereby incorporated as paragraphs one through forty-five of Count Ten.

46.   As a result of the conduct of the defendants, Plaintiff was harmed.

>The Plaintiff
>By her Attorney
>
>*/s/ Robert Berke*
>
>_____
>Robert M. Berke
>640 Clinton Avenue
>Bridgeport, CT 06605
>203 332-6000
>203 332-0661 fax
>Bar No. 22117
>robertberke@optonline.net
>www.robertberke.com

## JURY DEMAND

The plaintiffs request a trial by jury.

        The Plaintiff

        By her Attorney

        /s/ Robert Berke
        _____

        Robert M. Berke
        640 Clinton Avenue
        Bridgeport, CT 06605
        203 332-6000
        203 332-0661 fax
        Bar No. 22117
        robertberke@optonline.net